**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000006
23-JUN-2017
08:10 AM**

NO. CAAP-16-0000006

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant, v.
ERIC N. YOKOTA, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 15-1-0999)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Plaintiff-Appellant State of Hawai'i (State) appeals from a December 8, 2015 "Order Granting Motion to Dismiss Counts VI and VIII of the Amended Felony Information with Prejudice" (Order) entered by the Circuit Court of the First Circuit (Circuit Court)[1] in favor of Defendant-Appellee Eric N. Yokota (Yokota). The Order dismissed Count VI, Theft in the Second Degree (Theft Second), a violation of HRS § 708-831(1)(b) (2014)[2], and Count VIII, Identity Theft in the Second Degree, a violation of HRS § 708-839.7 (2014)[3].

---

[1] The Honorable Dexter D. Del Rosario presided.

[2] At the time of alleged the offense, HRS § 708-831 provided, "**Theft in the second degree.** (1) A person commits the offense of theft in the second degree if the person commits theft: . . . (b) Of property or services the value of which exceeds $300[.]"

HRS § 708-830 (2014) defines theft, in relevant part, "A person commits theft if the person does any of the following: . . . (2) Property obtained or control exerted through deception. A person obtains, or exerts control over, the property of another by deception with intent to deprive the other of the property."

[3] HRS § 708-839.7, provides:

**Identity theft in the second degree.** (1) A person commits the offense of identity theft in the second degree if that
(continued...)

On appeal, the State contends the Circuit Court erred by concluding that the State was barred as a matter of law from charging Yokota with Theft Second for passing five fraudulently executed checks amounting to $720 over the course of six days as a continuing course of conduct.

After reviewing the parties' arguments, the record on appeal, and the relevant legal authorities, we resolve the State's appeal as follows, vacate the Order and remand for further proceedings.

"The test to determine whether a crime may be charged on a continuous conduct theory is whether the language, structure, and purpose of the statute reveals a legislative intent to criminalize continuing conduct." State v. Decoite, 132 Hawai'i 436, 438, 323 P.3d 80, 82 (2014) (interpreting HRS § 701-108(4) (Supp. 2006)); State v. Martin, 62 Haw. 364, 368-69, 616 P.2d 193, 196-97 (1980) (interpreting HRS § 708-831(1)(b)). Here, the statutory and case law illustrate a legislative intent to allow the treatment of theft crimes as continuing courses of conduct. HRS § 708-801(6) (2014);[4] State v. Stenger, 122 Hawai'i 271, 226 P.3d 441 (2010) (defendant charged with Theft First by deception not entitled to specific unanimity instruction because as charged and argued by the prosecution, theft by deception is a continuous offense); Martin, id.

The parties agree that the charges were dismissed as a matter of law. Therefore, the Circuit Court erred in dismissing

---

[3](...continued)
person makes or causes to be made, either directly or indirectly, a transmission of any personal information of another by any oral statement, any written statement, or any statement conveyed by any electronic means, with the intent to commit the offense of theft in the second degree from any person or entity.

(2) Identity theft in the second degree is a class B felony.

[4] HRS § 708-801(6) provides in part, "[a]mounts involved in thefts committed pursuant to one scheme or course of conduct, whether the property taken be of one person or several persons, may be aggregated in determining the class or grade of the offense."

Counts VI and VIII on the basis that they could not be charged as continuing courses of conduct.[5]

Based on the foregoing, the December 8, 2015 "Order Granting Motion to Dismiss Counts VI and VIII of the Amended Felony Information with Prejudice" entered by the Circuit Court of the First Circuit is vacated and this case is remanded for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawai'i, June 23, 2017.

On the briefs:

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellant.

Chief Judge

William H. Jameson, Jr.
Deputy Public Defender,
for Defendant-Appellee.

Associate Judge

Associate Judge

---

[5] Yokota argues that the State did not preserve its point of error with regard to Count VIII, maintaining that the State preserved no discernable argument with regard to this count. However, the Circuit Court dismissed Count VIII along with Count VI for the same reason:  the State could not aggregate the cashed checks as a continuing course of conduct in one count. As we have concluded that this decision was incorrect, the State's argument with regard to Count VI was sufficient to support its claim of error as to Count VIII.